UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| LARRY G. KENNEDY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:08-cv-0111-RLY-WGH |
| | ) | |
| EQUIFAX, INC., TRANSUNION, LLC, | ) | |
| EXPERIAN, SAXON MORTGAGE | ) | |
| SERVICES, INC., SAXON CAPITAL, | ) | |
| INC., AND MORGAN STANLEY, | ) | |
| Defendants. | ) | |

**ORDER ON SAXON MORTGAGE SERVICE, INC.'S MOTION TO RECONSIDER PARTIAL DENIAL OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, TO CERTIFY THIS MATTER FOR INTERLOCUTORY APPEAL**

Defendant, Saxon Mortgage Services, Inc.'s ("Saxon Mortgage"), moves the court to reconsider one issue in its June 12, 2009, Order ("Summary Judgment Order") granting in part and denying in part Saxon Mortgage's Motion for Summary Judgment. Specifically, it asks the court to reconsider that portion of the Summary Judgment Order that determines there is an issue of fact that warrants denial of Saxon Mortgage's motion on the claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), and to amend its judgment to include summary judgment on all claims. In the alternative, Saxon Mortgage requests the court to amend the Summary Judgment Order to include certification pursuant to 28 U.S.C. § 1292(b) because the Order involves a controlling question of law as to which there is a substantial ground for difference of opinion and that

an immediate appeal from the order may materially advance the ultimate termination of the litigation.

This dispute arose when Saxon Mortgage informed Mr. Kennedy ("Plaintiff") that the account held in his name was in bankruptcy. Stephanie Gales, Customer Relations Manager with Saxon Mortgage, filed an affidavit representing that Saxon Mortgage first received notice of the dispute on June 2, 2008. (Affidavit of Stephanie Gales ¶ 3b). Her affidavit further reflects that "Saxon Mortgage corrected its reporting on or before June 4, 2008," that it notified Plaintiff of the same on June 5, 2008, and that its "records show that its reports concerning the Plaintiff since that date have been accurate and have not referred to a pending bankruptcy." (*Id*. ¶¶ 3c-e). Plaintiff and Mrs. Kennedy contend, however, that their credit report has not been completely cleared, as it continues to show that they are 180 days past due on their account and on a payment plan. (Affidavit of Jill Kennedy ("J. Kennedy Aff.") ¶¶ 8-10; *see also* Affidavit of Larry G. Kennedy ¶ 12). Accordingly, there is no admissible evidence before the court showing that the Plaintiffs' credit report has been completely cleared as of June 5, 2008. Moreover, the court finds that for purposes of this motion, to the extent Plaintiff's credit report reflected a bankruptcy, that the account was 180 days past due and on a payment plan, that the Plaintiff and his wife have been harmed. (*See* J. Kennedy Aff. ¶ 8 (stating that she informed Saxon Mortgage of "the negative impact the situation was having on affiant and

her husband's other creditors.")).  For these reasons, the court **DENIES** Saxon Mortgage's Motion to Reconsider Plaintiffs' claim under 15 U.S.C. § 1681s-2(b).

Saxon Mortgage also moves the court to grant summary judgment on Plaintiff's punitive damages claim.  Only willful violations of 15 U.S.C. § 1681s-2(b) can support an award of punitive damages under 15 U.S.C. § 1681n.  This requires a showing that Saxon Mortgage knowingly and intentionally acted in violation of the FCRA or in reckless disregard of a statutory duty.  *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007).  The court finds the Plaintiff has failed to raise a triable issue of fact as to willfulness.  Indeed, the Plaintiff raised no argument at all in his Response Brief.  Accordingly, the court **GRANTS** Saxon Mortgage's Motion to Reconsider on Plaintiff's claim for willful violations of the FCRA and on Plaintiff's request for punitive damages.

Lastly, Saxon Mortgage's request to certify the court's Summary Judgment Order for interlocutory appeal is **DENIED**, as this case does not present a controlling question of law as to which there is substantial ground for difference of opinion.

**SO ORDERED** this  10th  day of November 2009.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

Scott B. Cockrum
HINSHAW & CULBERTSON
scockrum@hinshawlaw.com

Robert R. Faulkner
rrfaulk@evansville.net

Brian L. Goins
HINSHAW & CULBERTSON LLP
bgoins@hinshawlaw.com

Leslie C. Shively
SHIVELY & ASSOCIATES
shively@sigecom.net